The Honorable Will Bond State Representative 602 West Main Street Jacksonville, Arkansas 72076-4432
Dear Representative Bond:
I am writing in response to your request for an opinion on the status of the Jacksonville Middle School and whether it continues to be a "site-based" school after it was recently reconfigured into a dual campus, same-sex education school. Specifically, you relate the following facts and pose the following question:
 The Jacksonville Middle School and the Jacksonville Junior High were reconfigured for the 2005-2006 school year. Ninth graders from the junior high were moved to the high school, and the sixth through eighth grade was divided into two same sex education schools. The sixth though eighth grades were combined under the LEA number of the middle school. As you may know, the LEA number is a number by which the department identifies a school.
 The Middle school was a site-based school prior to these changes. The junior high was not. Since the schools were combined under the LEA number of the middle school, is the "new school" a site-based school or should there be some type of vote on whether the school will be site-based or some type of reconfiguration of the site-based council?
RESPONSE
In my opinion the mere fact that the two campuses were combined under the "LEA" number of the middle school does not indicate that the "new school" is currently "site-based." Although the applicable provisions of the Arkansas Code governing "site-based" education do not envision how the process will work in a same-sex dual campus school, the applicable provisions appear to contemplate a building-by-building decision as to whether a school will be site-based. I cannot conclude, therefore, that the new school is currently site-based based solely upon the previous one-campus middle school's vote to operate in that fashion. As for the process for determining whether the newly reconfigured school should be site-based, the statutes appear to require, at a minimum, a 2/3 vote of the certified employees in the "local building site" prior to the implementation of site-based decision-making. Other matters, including the composition of any site-based council, may presumably be addressed by the school district policy authorizing site-based decision-making.
As you note, the applicable subchapter is A.C.A. §§ 6-13-1301 to -1309 (Repl. 1999 and Supp. 2005). The legislative intention of the subchapter is expressed in A.C.A. § 6-13-1301 and includes to "[s]timulate local innovation and creativity in restructuring Arkansas public schools" and to "[f]acilitate the empowerment of educators and other persons at thelocal building site level to identify the needs of their particular students. . . ." (Emphasis added). Other provisions of the subchapter also reflect an intention to authorize such decision making on a building-by-building basis. For example, the definition of "site-based decision making" is as follows:
 "Site-based decision making" mean a joint planning and problem-solving process implemented within a local school building, providing for a sharing of power, authority, and responsibility among teachers, administrators, and parents, and designed to shift decision making activity to the local building level.
(Emphasis added).
Section 6-13-1303 provides as follows:
 (a) Following a secret ballot vote by two-thirds (2/3) of the certified employees in a local building site to implement site-based decision making, the local school district board of directors may adopt a policy for implementing site-based decision making in the district, to include, but not be limited to, a description of how district policies have been amended to allow school employees at the local school building site to be involved in the decision-making process as they work to meet educational goals.
 (b) For the policy to be implemented, it must be adopted by a majority of the board of directors of the school district.
(Emphasis added).
The subchapter also provides for the establishment of a "school council" as follows:
 The school district policy adopted by the board of directors and certified faculty of a local school district shall require the following when any local school building site elects to implement site-based decision making under the provisions of this subchapter:
 (1)(A)(i) A school council shall be established, composed of teachers, classified employees, and the building principal or administrator.
(ii) A majority of the council shall be made up of teachers.
 (B)(i) The teacher representatives on the council shall be elected by a majority of the teachers in a secret ballot election conducted by the teachers in the building.
 (ii) The classified employee representatives shall be elected by a majority of the classified employees in a secret ballot election conducted by the classified employees.
 (2)(A) The school council may include parent representatives if two-thirds (2/3) of the parents present at a meeting called for that purpose vote to participate in site-based decision making.
 (B) The parent representatives on the council shall be elected by the parents at a meeting called for that purpose and shall not be relatives of any employee of the school or any board member.
 (3) Members of the school council shall elect a chairman, vice chairman, and secretary.
(Emphasis added).
You have not indicated whether the site-based decision making undertaken by the former Jacksonville Middle School was set up according to these provisions or under an "alternative model" authorized by A.C.A. §6-13-1309. That statute provides that:
 (a) A local school building site that chooses to have site-based decision making but wishes to be exempt from the administrative structure set forth by this subchapter may develop a model for implementing site-based decision making, including, but not limited to, a description of the membership, organization, duties, and responsibilities of a school council.
 (b)(1) The local school building site shall submit the model through the local district board of directors to the Director of the Department of Education and the State Board of Education for approval.
 (2) The application for approval of the model shall show evidence that it has been developed by representatives of the parents, students, and employees of the school and that two-thirds (2/3) of the certified employees voting in a secret ballot election have agreed to the model.
(Emphasis added).
In either event (under A.C.A. § 6-13-1303(a) or § 6-13-1309)), the applicable provisions contemplate a building-by-building decision as to whether a school will be site-based. The language of the applicable subchapter, in my opinion, does not expressly envision the possibility of a dual campus school or how the process will be implemented in such a situation. At a minimum, however, the current language requires at least a vote of two-thirds of the certified personnel "in a local building site to adopt site-based decision making." A.C.A. § 6-13-1303(a) and A.C.A.6-13-1309. It appears from the facts presented that there has been no such vote at the building site of the former junior high.[1] In response to your question, therefore, in my opinion there does "need to be some type of vote on whether the school will be site-based. . . ." As for any "reconfiguration" of the site-based council, the details concerning this issue can presumably be addressed in the Jacksonville School Board's policy for implementing site-based decision making. Compliance with the provisions of A.C.A. § 6-13-1304 or § 6-13-1309 must be had, however, in structuring the council.
Issues arising in implementation of any site-based decision making at the dual campus school should be resolved with the advice of the school district's counsel and in consultation with the Department of Education.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] Questions may also arise as to whether any previous vote at the middle school is still effective for that "reconfigured" campus. I do not have sufficient facts to determine whether the former vote would still be effective.